IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFF JOHLL,

      Plaintiff,      OPINION & ORDER

v.

                  14-cv-113-wmc

PREMIER RECOVERY GROUP, INC.,

      Defendant.

---

On February 14, 2013, plaintiff Jeff Johll filed this civil suit alleging that defendant Premier Recovery Group, Inc. violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, in connection with the collection of a debt by: (1) using false representation or deceptive means to collect or attempt to collect a debt or obtain information concerning a consumer, in violation of § 1692e(10); and (2) using unfair and unconscionable means to collect or attempt to collect a debt in violation of § 1692f. (Compl. (dkt. #1) ¶ 19.) Defendant was served on February 28, 2014 (dkt. #6), and its answer was due on or before March 21, 2014. To date, defendant has failed to appear, answer, or otherwise defend this lawsuit. Accordingly, on April 2, 2014, the clerk of court entered default. (Dkt. #7.) Before the court now is Johll's motion for default judgment, which the court will grant. (Dkt. #8.)

The court held a hearing on plaintiff's motion on April 30, 2014. Again, defendant failed to appear or contest the matter. Because the clerk of court has entered default against defendant, the court accepts as true all of the factual allegations in the complaint, except those relating to damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). In his motion for default judgment, Johll seeks a total of $6,549.00, representing $1,000.00 in statutory

damages, $2,500.00 in actual damages, $2,584.00 in attorneys' fees, and $465.00 in court costs. (*See* Marco Aff. Ex. A (dkt. #9-1) 1.)

Title 15 U.S.C. § 1692k describes the relief available in a civil action for violations of the FDCPA and provides in pertinent part:

> (a) Amount of damages
>
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; . . . and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

Plaintiff seeks the maximum amount of statutory damages of $1,000. Section 1692k(b) provides certain factors the court should consider in determining the amount of statutory damages, including: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b). Accepting the allegations in the complaint as true, defendant misrepresented that a lawsuit had been filed against Johll's social security number (Compl. (dkt. #1) ¶¶ 14-15), using this false representation to provoke a call so that defendant could elicit information from Johll to collect a debt from Johll's brother. This conduct, when coupled with plaintiff's representations in his affidavit filed in support of the

2

present motion, leads the court to find the maximum statutory damages award of $1,000.00 is appropriate.

Plaintiff has also submitted an affidavit describing defendant's call and its effects. He avers that a representative of defendant left a voicemail message advising him that there was "a civil case pending against [his] social security number" and accurately recited his number in the message. The call caused him extreme concern, because he was led to believe that a lawsuit had been filed against him on a debt of which he was not aware. He was also worried that his social security number had been left on a voicemail, where it could be overheard, and that defendant may have been leaving a similar message on other voicemail accounts that it erroneously believed were connected to him, putting him at risk of identity theft. He also avers that once he called defendant, he became upset about how they had tricked him into calling and worried about how they had obtained his social security number for that purpose. Finally, plaintiff avers that he called his brother to inform him of the conversation, placing both of them in the difficult situation of discussing his brother's private affairs and causing plaintiff to worry about whether the embarrassment would affect their relationship. Given this record, the court finds that the $2,500.00 Johll requests to compensate him for emotional distress is appropriate.

Finally, plaintiff seeks attorney's fees and costs of prosecuting this action. Section 1692k(a)(3) allows for an award of both. Plaintiff's counsel submitted an affidavit and time records demonstrating 9.7 hours of attorney or paralegal time, at rates ranging from $115 per hour to $395 per hour, for total fees of $2,584.00. (Marco Aff. Ex. A (dkt. #9-1) 1.) While the hourly rates are on the high side, the court finds that the hours expended are well-documented and the fees requested are reasonable overall. Plaintiff also seeks

3

reimbursement of the $400.00 filing fee and the $65.00 cost of service. The court finds that request appropriate will award attorneys' fees and costs in the amount of $3,049.00.

ORDER

IT IS ORDERED that:

1) plaintiff Jeff Johll's motion for default judgment (dkt. #8) is GRANTED; and

2) the clerk of court is directed to enter judgment in favor of plaintiff Jeff Johll and against defendant Premier Recovery Group, Inc. in the total amount of $6,549.00 and close this case.

Entered this 30th day of April, 2014.

BY THE COURT:

WILLIAM M. CONLEY
District Judge